**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION**

Jason Landis,

    Plaintiff,

    v.                                                   Case No. 1:06cv636

Miami University, et al.,                      Judge Michael R. Barrett

    Defendants.

## ORDER

This matter is before the Court on Defendants' motion for summary judgement (Doc. 32). Plaintiff has not responded and time to do so has expired.

<u>Facts</u>

While a student at Miami University in Oxford, Ohio, Plaintiff was arrested and charged with rape. He was also charged with eight counts relating to the possession of drugs and drug abuse instruments and one count of receiving stolen property. Plaintiff was eventually acquitted on the rape charge. However, he entered a no contest plea on the other charges and was order to serve three consecutive 17 month sentences with five years of community control. (See Doc. 30, Apx. 23-33). Defendants dismissed Plaintiff from the University for violating the University's Code of Student Conduct. Plaintiff alleges that his dismissal violates his rights and "constitutes social, economic and gender discrimination" and violates his due process rights under the Fifth and Fourteenth Amendments. (Doc. 3, p5).

1

Legal Analysis

Even though Plaintiff has not responded to Defendants' summary judgment motion despite more than adequate time to do so[1], the Court may not enter summary judgment in Defendants' favor because of Plaintiff's failure to file a response without first examining the motion to ensure that Defendants have carried their burden on summary judgment. *Carver v. Bunch*, 946 F.2d 451, 455 (6th Cir. 1991).

Summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c); *Celotex Corp. v. Catrett,* 477 U.S. 317, 322 (1986). There have been no depositions, answers to interrogatories or admissions filed in this case. However, Defendants have attached certain exhibits to their motion, including University records and pleadings from Plaintiff's state criminal court case. The Code of Student Conduct (hereinafter, the "Code") sets forth that permanent dismissal may result if a student causes physical harm to another, is dishonest, possesses stolen property or illegal drugs, as well as for committing acts that violate the criminal law. (See Doc. 30, Apx, 7-8). The Code states that a criminal citation is treated as a complaint initiating disciplinary proceedings and establishes a system of notice and administrative hearings. (Id. at Apx. 13-15). Specific to this case, Miami initially commenced disciplinary proceedings against Landis for the rape charge. Although he was immediately suspended (Id. at Apx. 22), these proceedings were held in abeyance until the conclusion of the criminal trial. Miami

---

[1]Plaintiff has also failed to file an amended complaint despite being granted leave to do so (Doc. 15).

later reinstituted the disciplinary proceedings and amended the charges against Landis to reflect the charges of illegal drug possession and receiving stolen property. (Id. at Apx. 34-35). A hearing was held and it was ordered that Landis be permanently dismissed for possessing illegal drugs and the unauthorized use of another's property based upon his plea of no contest to the criminal charges. (Id. at Apx, 41, 42). Although Landis was incarcerated at the time of the hearing, he was informed that his attorney could appear on his behalf or submit documentation on his behalf. Neither Landis nor his counsel appeared at the hearing.

Defendants allege that Plaintiff's claims must fail for several reasons: Miami University is protected by Eleventh Amendment immunity; Miami is not a "person" liable under 42 U.S.C. §1983; President Davit Hodge had no personal involvement in the matters at issue; the Plaintiff's acquittal on the rape charge had no bearing on his dismissal since he was dismissed due to the drug possession and the unauthorized use of another's property; Plaintiff's incarceration eliminated his right to be physically present at the disciplinary hearing; and Plaintiff's argument can not pass rational review.

After review of the Defendants' motion for summary judgment and accompanying support, the Court finds that Defendants met their burden and that the arguments are well-taken. For the reasons set forth in Defendant's brief, the motion is GRANTED and this matter is CLOSED. The Clerk of Courts is directed to terminate this matter from the docket of this Court.

**IT IS SO ORDERED.**

                                            *s/Michael R. Barrett*
                                            UNITED STATES DISTRICT JUDGE